## JOHN KOCCIS v. THE STATE.

1. Whether a foreigner who has been nine years in this country was able to use the English words contained in certain statements ascribed to him, or whether he understood the meaning of such words, is not a question upon which he is entitled to have the expert opinion of a professional interpreter of languages.
2. The capability of a foreigner who speaks some broken English to employ certain words or to comprehend their meaning is not a question for expert testimony.
3. There is a marked distinction between testimony that depends upon expert knowledge and those cases in which a lay witness may state his opinion upon a matter of common knowledge as an equivalent for a congeries of facts occurring in his presence.

------

On error to Mercer Oyer and Terminer.

The defendant was tried for murder. At the time the killing occurred he had lived in this country some nine years, his native language being the Slavonic. At the trial he testified in his own behalf, with the aid of an interpreter. The case for the state relied for proof of intention upon a number of statements made in broken English to various witnesses. At the close of the defendant's case the following offer was made:

"Mr. Holt—The defendant offers to prove by the interpreter of the court that he is an expert in the native language of the defendant and has examined him carefully and thoroughly; that the defendant cannot use the English words, nor words of the same purport and meaning, as attributed to him by the witness Peter J. Smith, wherein he testified that the prisoner told him that he, the prisoner, shot the woman 'because she liked other men better than me;' that he bought the revolver 'yesterday, on Broad street;' that he 'throwed the pistol down the water closet.' And to further show that the prisoner is incapable of using the English words, either in form or in meaning, attributed to him by Officer Pilger, when he says, on page 172 of the testimony, that the prisoner said to him, 'She bees a bad woman; she all the time like other men; she no like me.' And we make this offer for the purpose of contradicting the witnesses whose declarations we have read.

"The court—I understand from the statements of counsel made before this offer that the interpreter has made the examination of the defendant to-day for the purpose of answering this question, about an hour ago.

"Mr. Holt—About half an hour ago.

"The court—The offer will be overruled and an exception allowed."

Argued at June Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiff in error, *Chauncy H. Beasley.*

For the state, *Bayard Stockton.*

The opinion of the court was delivered by

GARRISON, J. The only question argued by the defendant's counsel refers to the rejection of the expert testimony offered for the purpose of showing that the defendant could not use the English words that the state's witnesses swore that he had used in their hearing. The expert witness offered by the defendant was the court interpreter, and his qualification consisted in the fact that he understood the native language of the prisoner and also the English tongue, and the basis for his proposed opinion was an interview had with the prisoner half an hour previous to the time the offer of proof was made.

We think this offer was properly rejected. If the purpose was to deny that the defendant, as matter of fact, had used the words that the state's witnesses say he used, it was clearly incompetent. The offer can rationally go no further than that the defendant did not understand the meaning of the words ascribed to him or that he could not have used them in their proper sense. This, however, is not a matter relating to any profession, science or art, so that one expert in such calling can, by examination of the defendant, or upon a hypothetical question, express an opinion. The materials for such an investigation could be gathered only by one having opportunity to observe the defendant's habit in the use of the English tongue, and could be testified to only by those who from such observation had actual knowledge in this respect. Doubtless a man of linguistic accomplishment would be better able than an ordinary observer to understand the difficulties of our language and to estimate the extent to which the defendant had succeeded in overcoming them ; but this would not constitute him an expert witness. His testimony, if admitted under such circumstances, would be received, not.as an expert's opinion, but because it came within that class of cases in which a witness may state the inference drawn by him from facts within ordinary knowledge occurring in his presence. Familiar instances in which testimony of this kind may be given are, whether two people were in love,

whether a man was sick, or dazed, or despondent, or drunk; whether a dog was savage or a horse gentle, and, in general, any matter touching physical or mental manifestations or appearances as well as all questions of identity, resemblance, duration, distance, dimension, velocity, noises, smells and many other matters where the inference drawn by an observer is commonly recognized and received as an equivalent for the congeries of facts that produces it. Testimony of this class, however, so far from being related to expert proof, rests upon diametrically opposite grounds. The expert witness is one whose possession of special knowledge renders his opinion admissible upon a state of facts within his specialty without regard to the manner in which the facts are established and without requiring that they should have come in whole or in part under the personal observation of the witness. Whereas the sole ground upon which a witness may give an opinion as to matters of ordinary knowledge is that they not only came within his personal observation but that they come into proof so blended with the opinion to which they give rise that it is receivable in proof as a substitute for a specification of the host of circumstances that called it forth. A failure to observe this distinction results at times in the offer of an ordinary witness to give an opinion calling for special knowledge merely because he has had actual observation of the facts; and at other times, as in the present instance, in the offer to prove an opinion upon a matter of ordinary knowledge, arising from assumed facts, by a witness who has not himself observed them, upon the ground that he is expert upon the special subject. In either of these classes of cases the proof must be rejected, the rule being that mere opportunity will not change an ordinary observer into an expert, and that special skill will not entitle a witness to give an expert opinion when the subject is one where the opinion of an ordinary observer is admissible or where the jury is capable of forming its own conclusion from facts susceptible of proof in common form.

Finding no error in this record, nor in the course pursued at the trial, the judgment of the court below is affirmed.