60   287
s61   218

### EDWARD CLIFFORD v. THE STATE.

1. It is not error to overrule a question if the court permits another question in substantially the same form to be propounded to the witness. If the prisoner has the benefit of the evidence to which he is entitled, he is not prejudiced in maintaining his defence.
2. Where the provocation consists only in words, and a weapon is used which will probably produce death, words are not an adequate provocation to reduce the offence of murder to manslaughter.

---

In error to the Hudson County Oyer and Terminer.

Argued at February Term, 1897, before Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

. For the plaintiff in error, *Speer & Hoffman* and *Allan L. McDermott.*

For the state, *Charles H. Winfield,* prosecutor of the pleas.

The opinion of the court was delivered by

VAN SYCKEL, J.   The plaintiff in error was convicted of murder in the first degree in the Court of Oyer and Terminer of the county of Hudson.

The first two alleged errors relied upon for reversal appear in the case as follows in the testimony of John W. Bowe, a witness produced on behalf of the defence in the trial court:

"*Q.* You say you have known him for a number of years; what were his actions that night as compared with his actions usually?

" [Objected to.   Objection overruled.]

"*A.* I remarked that night that he was acting differently from what he had previously.

"*Q.* In what way did he act differently?

"*A.* He was following this man up, and from one side of the room to the other, and going over and looking out of the door and coming in again, and walking up to me and talking kind of foolish talk.

"*Q.* Foolish talk?

"*A.* Yes.

" Mr. Winfield—I ask that that be stricken out—'foolish talk.'

" The Court—It is a conclusion ; I will strike that out.

" Defendant prays exception.

" Which exception is allowed, and the same is signed and sealed accordingly.

　　　　　　　　　　" JOB H. LIPPINCOTT, *P. J.*   [L. S.]
　　　　　　　　　　" R. S. HUDSPETH, *J.*    [L. S.]

"*Q.* What was his condition that night as to whether he was excited or not?

"*A.* Well, as I said before, I couldn't say as he was extra excited, but he was walking up and down the room talking more to this man than to anybody else; this man was a stranger to me.

"*Q.* Having known him for the number of years you have testified to, in your opinion was his conduct that night different from his conduct as you had known it in the years before?

" [Objected to.]

The Court—You may ask him what his mental condition is from what he has observed, but when you undertake to compare conduct, I think it is incompetent to ask a man whether he acted differently on one occasion than he did on another. I will overrule this question.

" Defendant prays exception.

" Which exception is allowed, and the same is signed and sealed accordingly.

> "Job H. Lippincott, *P. J.* [L. S.]
> "R. S. Hudspeth, *J.* [L. S.]

"*Q.* From what you knew of him, was his conversation that night rational or irrational?

"*A.* Irrational; I remarked so to Mr. Filon."

It is conceded that a non-expert witness may state facts and express an opinion in respect to the sanity of a defendant. *Vanauken's Case,* 2 *Stock.* 192; *Koccis* v. *State,* 27 *Vroom* 46.

The witness was permitted to state that the defendant was acting differently that night from what he had previously acted, and he was also permitted to testify in what respect his actions on the night of the homicide differed from his usual manner of conducting himself.

The words " foolish talk," in the last answer, were stricken out, because in the opinion of the trial court it was a conclusion of the witness and not a statement of a fact. Whether these words should have been stricken out is immaterial in this case, because the witness was afterwards asked the following question:

"*Q.* From what you knew of him, was his conversation that night rational or irrational?

"*A.* Irrational; I remarked so to Mr. Filon."

The witness having been permitted to testify that the prisoner talked irrationally, he was not prejudiced by striking out the words "foolish talk," and that cannot, therefore, constitute ground for reversal.    *Gen. Stat., p.* 1138, § 89.

Nor was the prisoner prejudiced in maintaining his defence upon the merits by the ruling of the court upon the question whether, in the opinion of the witness, the prisoner's conduct that night was different from his conduct as the witness had known it in the years before.

This question having been objected to by the prosecuting attorney, the court said : "You may ask him what his mental condition is from what he has observed, but when you undertake to compare conduct, I think it is incompetent to ask a man whether he acted differently on one occasion than he did on another.    I will overrule this question."

The court had previously allowed the witness to tell in what particulars the conduct of the prisoner had been different, in order to show upon what facts his opinion of the prisoner's mental capacity was based, and expressly said that the witness could give his opinion of the prisoner's mental condition, which he did in answer to the next question.    All the court excluded was a general statement by the witness that the prisoner acted on that night differently from what he had acted before in respect to matters not pertaining to his mental state.

The witness was not denied the right of testifying to any fact in addition to those he had given in his previous answer. The opinion of the witness in regard to conduct not pertaining to the impairment of the prisoner's mind was not competent and was properly rejected.

The other errors relied on for reversal relate to the charge of the court to the jury.    The court charged "that where the provocation consists only in words, and a weapon is used, the

result of which will probably cause death, these words are not reasonable or adequate provocation to reduce the offence to manslaughter."

This is the well-settled rule, and no error is found in this part of the charge. *Warner* v. *State*, 27 *Vroom* 691; *State* v. *Zellers*, 2 *Halst.* 220.

The court also charged the jury that to constitute murder in the first degree the killing must be " willful, deliberate and premeditated ;". that " willful " means an intentional act as distinguished from casualty or accident, and that " deliberate" is used to indicate the purpose formed in a mind capable of conceiving a purpose.

Although this was not a full and accurate definition of the word " willful," as applied in the criminal law, yet, under the circumstances presented by the evidence in this case, it in nowise prejudiced the defence set up or impaired any right of the prisoner.

The charge of the court that the jury might consider whether the prisoner had a motive to commit the crime, and if no motive was found, that would weigh in favor of the prisoner, but if a motive was disclosed by the evidence, that might throw light upon the question whether the prisoner intended to kill, is unexceptionable.

With respect to the effect of temporary derangement of the prisoner's mind by the use of intoxicants, the instructions to the jury were very favorable to the prisoner.

The judgment below should be affirmed.