MARIA RILEY, DEFENDANT IN ERROR, v. CAMDEN AND TRENTON RAILWAY COMPANY, PLAINTIFF IN ERROR.

Submitted July 24, 1903—Decided February 29, 1904.

1. It is error to allow a witness to express his opinion to the jury where there is no evidence to show that he has expert knowledge of the subject under inquiry.
2. Mere observation of a piece of real estate, although continued and attentive, is not sufficient to qualify one as an expert respecting its value.

On error to Burlington Circuit Court.

For the plaintiff in error, *Howard Flanders* and *Samuel W. Beldon.*

For the defendant in error, *Charles K. Chambers.*

The opinion of the court was delivered by

PITNEY, J. The plaintiff recovered a verdict and judgment for substantial damages by reason of the destruction by the defendant of two shade trees that stood upon her land. Upon the trial one of the matters in controversy was the extent of the diminution in the value of her property resulting from the destruction of the trees. Upon this subject two witnesses called by the plaintiff were allowed to express their opinions to the jury against objection interposed by the defendant, based on the ground that they possessed no knowledge or experience such as to qualify them to give opinion evidence. One of the witnesses was the plaintiff's husband. He appears to have been permitted to give his opinion upon the mere ground that, by reason of having resided upon the property, he was especially well acquainted with it. The other witness thus admitted to give opinion evidence owned and resided upon property adjoining that of the plaintiff, and for this reason was especially familiar with the plaintiff's property.

There was not a scintilla of evidence to show that either of these witnesses had any expert knowledge of real estate values, much less any special experience in the loss of value arising from the destruction of shade trees. It was therefore plainly erroneous to allow their opinions to go to the jury. *Pennsylvania, &c., Railroad Co. v. Root,* 24 *Vroom* 253; *Laing* v. *United New Jersey Railroad and Canal Co.,* 25 *Id.* 576; *Bergen Neck Railway Co.* v. *Point Breeze Ferry Co.,* 28 *Id.* 163 (at *p.* 195).

Mere observation of a piece of real estate, although continued and attentive, is not sufficient to qualify one as an expert respecting its value. *Wheeler & Wilson Co.* v. *Buckhout,* 31 *Vroom* 102.

The judgment should be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY.   13.