IN THE MATTER OF PROCEEDINGS TO CONDEMN LANDS TAKEN BY THE PORT READING RAILROAD COMPANY.

Argued June 10, 1907—Decided November 11, 1907.

1. The last clause of section 15 of the act (*Pamph. L.* 1900, *p.* 79), as amended (*Pamph. L.* 1906, *p.* 99), being an act to regulate the ascertainment and payment of compensation for property condemned or taken for public use, which clause permits the abandonment of condemnation proceedings within twenty days after a verdict by a jury on appeal, includes proceedings taken by a railroad company.

2. The title of the act is sufficient to include a provision in the act for abandoning such proceedings.

3. If the act should be construed to be unconstitutional as an attempt to permit a railroad company to abandon condemnation proceedings after such company had entered into possession with no provision for compensation for such temporary possession, nevertheless the act would be constitutional respecting those proceedings wherein possession had not been taken.

4. A judgment entered under the statute after verdict upon appeal before proceedings are abandoned, is not improvidently entered; but the judgment becomes inoperative if the proceedings are abandoned within twenty days after a verdict, and should be vacated.

On rule upon the landowner to show cause why the judgment entered for the amount of a verdict of a jury in condemnation proceedings should not be vacated.   Questions certified by the circuit judge.

The facts found by Mr. Justice Swayze, sitting as judge of Middlesex Circuit Court, upon which facts the questions certified are to be solved, are these: A petition was presented to a justice of the Supreme Court on October 31st, 1906, by the Port Reading Railroad Company, asking for the appointment of commissioners to condemn certain lands for a right of way to be used for a branch of the petitioning railroad.   Commissioners were appointed who made an award on January 18th, 1907.   Within ten days thereafter the railroad company filed a notice of appeal.   An issue was framed, the appeal was tried and a verdict returned on April 29th, 1907.   On May 2d a rule for judgment was entered in the minutes of the Circuit Court by order of the circuit judge made without notice.   On May 15th an application was made by the railroad company to determine the costs, expenses and counsel's fees of the owner.   This application was made because the railroad company had determined to abandon proceedings to condemn.   On May 16th the amount of costs, expenses and counsel fees were ascertained, and on May 17th the railroad company tendered to the owner of the land the amount so ascertained.   The owner refused to receive the tendered sum. On the same day the railroad company notified the owner that it had determined to abandon, and thereby did abandon the proceedings, and on May 18th an abandonment was entered in the minutes of the Circuit Court.

On May 15th preceding a discharge of *lis pendens* was filed with the clerk.   On May 16th a notice of a motion, returnable on the 18th, was given to the owner by the railroad company. This motion was to set aside the judgment entered by the owner against the railroad company on May 2d for the amount of the verdict returned by the jury.

Upon the return of this rule an order was granted that the owner show cause why said judgment should not be canceled,

and why the railroad company should not have leave to pay the amount found for expenses, costs and counsel fees into the Circuit Court.

Upon the return of this order the judge certified to this court the following questions for its advisory opinion, namely:

*First.* Under the foregoing facts, was said judgment improvidently entered because entered before the expiration of the twenty days after the verdict of the jury, and if so, should it be canceled or vacated?

*Second.* Should the judgment be canceled or vacated because the Port Reading Railroad Company did abandon said condemnation proceedings within twenty days after the rendering of the verdict of the jury, upon payment to the owner of said lands of its reasonable costs, expenses and counsel fees, as determined by a justice of the Supreme Court, and upon filing a discharge of the notice of *lis pendens?*

Before GUMMERE, CHIEF JUSTICE, and Justices FORT and REED.

For the railroad company, *Ephraim Cutter* and *Edward M. Colie.*

For the landowners, *Edward S. Savage* and *Gilbert Collins.*

The opinion of the court was delivered by

REED, J. The important question in this matter is whether the railroad company had a right to abandon the condemnation proceedings on May 18th. The proceedings were taken under the act to regulate the ascertainment and payment of compensation for property condemned or taken for public use (*Pamph. L.* 1900, *p.* 79), and the supplement to same (*Pamph. L.* 1906, *p.* 99).

Section 15 of the original act reads as follows: "Any proceeding to condemn taken under this act may be abandoned at any time within twenty days after the filing of the report of the commissioners, upon payment to the owners and other parties who have appeared before the commissioners, of their

reasonable costs and expenses, to be determined by a justice of the Supreme Court, and upon filing a discharge of the lien of the notice of *lis pendens*."

It is perceived that there is no provision in the original section for the abandonment of proceedings after twenty days have elapsed from the filing of the report of the commissioners, and it was held in *Walsh* v. *Board of Education of Newark*, 44 *Vroom* 643, by the Court of Errors and Appeals that, where the twenty days had expired, the condemning party could not abandon the proceedings, although an appeal had been taken. The court proceeded to discuss, but expressed no opinion, respecting the ability of the condemning party, particularly if a public agent, to abandon after a verdict had been returned upon the appeal. This case was decided on March 5th, 1906. On April 2d, 1906 (*Pamph. L., p.* 99), a supplement to the fifteenth section of the original act was approved. The supplement is in the following language: "Any proceeding to condemn taken under this act may be abandoned at any time within twenty days after filing of the report of the commissioners, or if the issue shall be tried by a jury, within twenty days after the rendering of the verdict of the jury, upon payment to the owners and other parties who have appeared before the commissioners, or the jury, of their reasonable costs, expenses and counsel fees, to be determined by a justice of the Supreme Court, and upon filing a discharge of the lien of the notice of *lis pendens*."

It is first insisted that section 15 applies only to municipalities and other agencies of the state, and does not embrace *quasi*-public corporations.

The language of the last clause of section 15, both as originally enacted and as amended, is that "any proceeding to condemn, taken under the act, may be abandoned at any time within twenty days after the verdict rendered." The insistence is that this language is limited by the preceding clause, which clause is confined in its operation to municipal corporations and state agencies.

The two clauses of section 15 are distinct and refer to different phases of the legislation.

The first clause is directed to the preservation of the right of municipal corporations and state agencies to take possession of property in advance of compensation.

The second clause deals with the right of abandonment of condemnation proceedings, and confers that right on all bodies having the ability to exercise the power of eminent domain.

The clauses are so distinct that the semicolon separating them in the printed act should be a period. It seems manifest that railroad companies are included within the class of corporations having the right to abandon under the provisions of the second clause of section 15.

Having reached this conclusion, it is at once observable that, conceding the validity of the legislation, the right of the company to abandon the condemnation proceedings on May 18th is plain. The statute, however, is challenged as violative of the constitution.

It is first insisted that the title to the act is insufficient to permit the inclusion in the statute of a provision for the abandonment of any proceedings once begun under it. The argument is that the title gives notice that the purpose of the act is to regulate the ascertainment and payment of compensation for property condemned, and it is insisted that the abandonment of such a proceeding is in direct opposition to the purpose indicated by the title, which is to ascertain and pay damages.

We think there is no substance in this argument.

The purpose of all provisions to condemn is to fix and pay a price for the property taken for public use. If the title of the act had been "An act to regulate proceedings for the condemnation of property for public use," the title would have been the equivalent of the title as it now exists. An act to regulate the procedure in conducting actions at law would undoubtedly cover provisions for the discontinuance of actions, although the purpose of every action is to ascertain and compel the payment of a debt or of damages.

It is next insisted that a construction of the act which would include private corporations within its operation ren-

ders the statute void. This point is rested upon that provision of the act which permits the condemning party to enter into possession of the property and thereafter abandon the proceedings to condemn. The argument is that if the petitioner may enter into possession before the proceeding is finally determined, and hold possession until an appeal is noticed, an issue framed and a trial had, and then until twenty days have elapsed, it leaves the landowner remediless for the intervening possession, and that such permitted possession becomes a taking of the property without compensation.

The provision for taking possession is found in sections 7 and 14 of the statute. Section 7 provides that "upon the filing of the report of the commissioners, and upon the payment or tender of payment of the amount awarded, &c., the petitioner is entitled to enter upon and take possession of the land for the purposes for which the same was authorized to be taken."

Section 8 provides that "in case the owner refuses to receive the same, the amount may be paid into the Court of Chancery with the same effect as if paid to the owner."

Section 14 provides that "the taking of an appeal by either party shall not prevent the petitioner from taking the land or other property, upon filing the report of the commissioners, and payment to the owner or payment into court of the award, at any time before the verdict of the jury on appeal; that the party entitled to receive the award may receive it without being barred from his appeal, and that upon the finding of the jury the amount so found, or so much thereof as shall not have been paid, shall be tendered and paid, or paid into court, and if possession shall not have been taken before the finding of the jury, then the petitioner, upon the payment of the amount of the verdict, may take possession.

It therefore appears that the scheme of the statute respecting the right to take possession of the property to be condemned is that by the first clause of section 15 the right of municipal corporations and other agencies of the state to

enter into possession is reserved to such corporations as such right existed before the statute.

Respecting corporations of the class of the petitioner in this case, possession can only be taken upon the payment of the amount awarded by the commissioners, or of the amount of the verdict found by the jury. There is no provision for the return of any portion of this amount if, upon appeal, there be a diminution of the amount of the award, or if the proceedings shall subsequently be abandoned by the petitioner.

It need not be decided whether, in view of this legislation, it was the intention of the legislature that a corporation of this class should have the power to abandon after once taking possession.

Nor is a decision essential whether, if such power to abandon exists, it is within the power of the court to so control the amount paid as to award compensation to the landowner for the temporary possession.

These questions need not be decided, for if it should be conceded that the act conferred the power to abandon after possession taken, with no provision for compensation for such intervening possession, and if it be further conceded that in this respect the statutory power attempted to be conferred was beyond the ability of the legislature as an attempt to authorize the taking of property without compensation, nevertheless such concessions would in no way interfere with the present proceeding. So far as appears, the Port Reading Railroad Company did not take possession of the property which it sought to condemn.

The provisions respecting abandonment where possession has been taken are severable from the provision providing for abandonment where possession has not been taken.

The rule of statutory construction to be applied is settled.

Where the provisions are general, and a part of their application or effect would be violative of the constitution, and a part not so, and both equally within the terms, scope and apparent intent of the lawmakers, such provisions may be held valid so far as they operate in harmony with the consti-

tution, and by construction limited to such an effect. They will be held void for any purpose beyond that limit. *Suth. Stat. Con.,* § 171.

A statute gave the city of Keokuk power to create wharfs and establish fees for their use. An ordinance was passed by virtue of this authority ordaining that all grounds then lying, or which thereafter might be made within certain limits, should be declared a wharf. The ordinance also fixed wharfage fees for the use of any part of the wharf. A part of the wharf limit so created was unimproved bank. As to the use of the latter, the ordinance requiring wharfage fees was held void, but although that part of the ordinance was not distinguishable in the text, it was held severable, and it was held that the ordinance was valid so far as it authorized its enforcement for collecting wharfage fees for the use of the actual wharf, this being the only right in question. *Packet Company* v. *Keokuk,* 95 *U. S.* 80.

In *Railroad Company* v. *Schutte,* 103 *U. S.* 118, 142, the court remarked that "the striking out of the void part of an act was not necessarily by erasing words, but it may be by disregarding the unconstitutional provisions and reading the statute as though the provisions were not in it."

For other cases supporting this rule of statutory construction, see the notes to section 171 in Mr. Sutherland's *Statutory Construction.*

We are therefore of the opinion that the right of the petitioner to abandon the proceedings existed.

In answer to the specific questions certified to us, the Circuit Court is advised that the landowner had the right to enter the judgment on May 2d, but upon the entry of the rule for abandonment and the discharge of the *lis pendens,* and the payment of costs, expenses and counsel fees to the landowner, the judgment became inoperative (*Van Valkenburgh* v. *City of Milwaukee,* 43 *Wis.* 574), and should be vacated.