JOSEPH LERNER, PLAINTIFF AND APPELLEE, v. PUBLIC
SERVICE RAILWAY COMPANY, DEFENDANT AND AP-
PELLANT.

Argued February 20, 1912—Decided September 4, 1912.

1. While, as against a trespasser, a malicious or intentional in-
jury is actionable, a merely negligent act will not form the basis
of recovery, because the duty to observe reasonable care is not
owing to a trespasser.
2. The question whether an injury to a trespasser (an able-bodied
man), sustained by reason of his being forced from a slowly-
moving street car, nothing more appearing, was malicious or in-
tentional, and therefore actionable, is for the jury.

On appeal from the First District Court of the city of
Newark.

Before Justices TRENCHARD, PARKER and MINTURN.

For the appellant, Lefferts S. Hoffman and Leonard J.
Tynan.

For the appellee, Philip J. Schotland.

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff below sued to recover for
injuries sustained while attempting to enter a street car of
the defendant company.   The action was tried in the district
court with a jury, and the defendant appeals from the judg-
ment entered upon the verdict for the plaintiff.

At the trial it appeared from the evidence produced by
both sides that the plaintiff, an able-bodied man, attempted
to board the car against the will of the conductor, but that he
got no farther than the step, from which position he fell to
the ground and was injured by the fall.

The proof upon the part of the plaintiff tended to show
that the car had stopped to take on passengers, and that while

the plaintiff was on the step, and was about to get on the platform, the conductor told him he could not get on, pushed him back, shut the gate in his face, rang the bell to go ahead, and "pushed the plaintiff with his fingers."

On the part of the defendant the proof, on the contrary, tended to show that the car was crowded with passengers, and that the "car full" sign was displayed; that the car stopped, not to take on more passengers, but to discharge passengers; that, after the car started, and after the conductor had closed the gate, the plaintiff "put his foot upon the bottom step and hung on to the gate;" that the plaintiff was then told by the conductor that he "had better get off and that he could not get in," and that the conductor did nothing further to interfere with the plaintiff.

While the testimony is conflicting upon the question of the speed of the car, nevertheless it was clearly open to the jury to find that, from the time the plaintiff attempted to board the car until he fell, it was moving slowly.

In his charge to the jury the judge said that "the plaintiff was a trespasser on the car," and, therefore, in dealing with the question about to be considered, that must be regarded as the law of the case.

The learned trial judge then further charged as follows: "Whether or not the conductor did eject this man from the car while the car was in motion, whether he did something to force this man off this step and loosened his grasp on the gate so that the man fell off while the car was in motion, is for you to say. If he did, I charge you he is entitled to damages."

We are of opinion that the contention of the defendant that such instruction was erroneous, and requires a reversal of this judgment, must prevail.

While, as against a trespasser, a malicious or intentional injury is actionable, a merely negligent act will not form the basis of recovery, because the duty to observe reasonable care is not owing to a trespasser. *Hoberg* v. *Collins, Lavery & Co.,* 51 *Vroom* 425; *Powell* v. *Erie Railroad Co.,* 41 *Id.* 290.

In Hoberg *v.* Collins, Lavery & Co., Mr. Justice Voorhees, in the course of his opinion, said: "To force a man from a rapidly-moving railway train, it is well known, is to subject him to a hazard almost certain to result in loss of life or severe bodily harm. Such an act, therefore, if conditions are known, is malicious and wrongful. To remove one from a railway car at rest is not an inherently dangerous act, nor one which commonly does, or is likely to, eventuate in harm, so that, if in fact an injury should result, it could be said to be wanton or willful and intentional."

It logically follows that the question whether an injury to a trespasser (an able-bodied man), sustained by reason of his being forced from a slowly-moving street car, nothing more appearing, was malicious or intentional, and therefore actionable, is for the jury. So the cases hold. *Southern Kansas Railroad Co.* v. *Sanford,* 11 *L. R. A.* 432; *Doggett* v. *Chicago, Burlington and Quincy Railroad Co.,* 13 *Id.* (*N. S.*) 364; *Toledo, St. Louis and Western Railroad Co.* v. *Gordon,* 74 *C. C. A.* 289; *Johnson* v. *Chicago, St. Paul and Ontario Railroad Co.,* 123 *Iowa* 224.

In *Krueger* v. *Chicago and Alton Railroad Co.,* 84 *Mo. App.* 358, judgment in favor of the trespasser was reversed because the jury was charged that he could recover if he received the injury by reason of being forced to leave the train while it was in motion, this being held erroneous, since the motion might have been slow enough for the jury to say that it did not involve hazard.

No doubt a court question might be presented by undisputed proof of excessive or improper force (*Powell* v. *Erie Railroad Co.,* 41 *Vroom* 290), or by like proof that the act was done under conditions known to be almost certain to result in loss of life or severe bodily harm (*Hoberg* v. *Collins, Lavery. & Co.,* 51 *Id.* 425), but there was no such undisputed proof in the present case.

The result is that the judgment of the court below will be reversed and a *venire de novo* awarded.